NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RAD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 15-7740 (AET)<br><br>**OPINION** |

RECEIVED

DEC 29 2017

AT 8:30_____M
WILLIAM T. WALSH CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

This matter comes before the Court on referral from the Third Circuit Court of Appeals with the direction to treat it as a motion to amend Petitioner Christopher Rad's motion under 28 U.S.C. § 2255 (ECF No. 28). This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the motion to amend is granted in part.

**II. BACKGROUND**

Petitioner filed a motion to vacate, set aside, or correct his federal sentence pursuant to § 2255 on October 28, 2015 challenging his convictions for conspiracy to falsify header information in multiple emails, 18 U.S.C. § 371, 18 U.S.C. §§ 1037(a)(3), (b)(1)(A), (b)(2)(C), & (b)(2)(E); conspiracy to commit unauthorized access spamming, 18 U.S.C. §§ 1037(a)(1) & (b)(2)(A); and multiple counts of aiding and abetting unauthorized access spamming, 18 U.S.C. §§ 1037(a)(1), (b)(1)(A), & (b)(2)(A). (ECF No. 1). The Court originally administratively terminated the petition as Petitioner had not used the form provided by the Clerk for § 2255

motions. (ECF No. 3). Petitioner submitted an amended motion on November 20, 2015, and the Court ordered Respondent to answer on December 2, 2015. (ECF No. 6). Respondent filed its answer on March 31, 2016. (ECF No. 12). On May 23, 2016, Respondent requested time to supplement its answer. (ECF No. 18). The Court granted the request and permitted Petitioner additional time to respond to the supplemental answer. (ECF No. 20). The supplemental answer and response were filed on June 22, 2016 and July 11, 2016, respectively. (ECF Nos. 21-22).

On June 19, 2017, Petitioner filed a motion under 28 U.S.C. § 2244 in the United States Court of Appeals for the Third Circuit for an order authorizing this Court to consider a second or successive § 2255 motion. *See In re: Christopher Rad*, No. 17-2290 (3d Cir. July 12, 2017). Petitioner asserted there was newly discovered evidence, obtained through a civil suit that he filed against one of the government's trial witnesses and a Freedom of Information Act lawsuit, revealing the government had violated its *Brady*[1] obligations and knowingly used perjured testimony at trial.[2] The Third Circuit denied the motion as unnecessary as Petitioner's first § 2255 motion was still pending before this Court. The Court of Appeals referred the motion to this Court with the direction to treat it as a motion to amend. The Court of Appeals expressed no opinion on the merits under Federal Rule of Civil Procedure 15. (ECF No. 28). Respondent filed no opposition to the motion.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] On August 17, 2017, Petitioner filed a letter in this action requesting access to *Brady* materials. (ECF No. 30). The Court filed a copy in his criminal action, 11-cr-161, as the letter referenced a motion for *Brady* material that had been previously filed in the criminal case and referenced the attorney appointed for him in that case. The Court held a hearing on October 25, 2017, at which time new counsel for Petitioner appeared and all pending motions in the criminal case were denied, including the request for *Brady* materials. *See* Order, *United States v. Rad*, No. 11-cr-161 (D.N.J. filed Oct. 25, 2017) (ECF No. 133) (denying Motion to Produce Brady Material and Jenks Material, Motion to Disclose Fed. R. Crim. P. 6(e) Brady, Motion to Compel Disclosure of Exculpatory Evidence). No formal motion for discovery under 28 U.S.C. § 2255 Rule 6 has been filed in this action. The Court will therefore not address the letter further.

## III. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999); *see also* 28 U.S.C. § 2242. Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Once a responsive pleading is filed, Petitioner may only amend his pleadings with Respondent's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Ibid.*

## IV. ANALYSIS

Petitioner seeks to add claims alleging *Brady* violations and prosecutorial misconduct due to the use of perjured testimony. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on challenges to a federal conviction or sentence. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). This limitations period applies to new petitions "as well as amendments of existing motions to add new claims or legal theories after the one-year period has expired." *Mass v. United States*, No. 11-2407, 2014 WL 6611498, at *3 (D.N.J. Nov. 20, 2014) (citing *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). Petitioner's conviction became final more than one year before he filed his motion in the Third Circuit. His amendments are therefore only timely if another provision of § 2255(f) applies or they relate back under Federal Rule of Civil Procedure 15(c).

Petitioner argued to the Third Circuit that his motion was timely under § 2255(h), which in relevant part permits a second or successive § 2255 motion based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). An analogous provision of § 2255(f) states the one-year statute of limitations for a first § 2255 motion begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "[T]he one-year period of limitation commences . . . when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). "[T]he question whether a habeas petitioner has exercised due diligence is context-specific." *Wilson v. Beard*, 426 F.3d 653, 661 (3d Cir. 2005).

Under the Federal Rules of Civil Procedure, "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration in original) (quoting Fed. R. Civ. P. 15(c)). In *Mayle*, the Supreme Court

rejected the argument that an amendment to a habeas petition relates back to the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence. Under that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 656-57. The Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

Petitioner's newly discovered evidence includes: (1) a trial exhibit allegedly demonstrating a FBI agent perjured herself because it is unreadable, Exhibit A; (2) interrogatories completed by James Bragg, a witness at Petitioner's trial, allegedly showing that he also perjured himself at Petitioner's trial, Exhibits B and C; and (3) Bragg's sentencing and plea transcripts that were allegedly withheld in violation of *Brady* and *Giglio*,[3] Exhibits D and E.

**A. Perjured Testimony**

Petitioner argues the United States knowingly used the perjured testimony of two witnesses at trial: Bragg and FBI Agent Laurie Allen. "The Supreme Court has long held that the [government's] knowing use of perjured testimony to obtain a conviction violates the Fourteenth Amendment." *Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004). Petitioner must show "(1) [the witnesses] committed perjury, (2) the [United States] knew or should have known that the testimony was false, (3) the false testimony was not corrected, and (4) there is a reasonable likelihood that the perjured testimony could have affected the judgment of the jury." *Haskell v. Superintendent Greene SCI*, 866 F.3d 139, 146 (3d Cir. 2017).

---

[3] *Giglio v. United States*, 405 U.S. 150 (1972).

Petitioner argues Agent Allen lied when she testified she became aware of Bragg because of Exhibit A, Exhibit G902 at trial, because the exhibit is illegible. He states he did not receive this exhibit at trial and only received it as part of a Freedom of Information Act lawsuit on June 25, 2016. Trial Exhibit G902 was entered into evidence via joint stipulation on November 27, 2012. *See* Trial Transcript pg. 999, ll. 16-18. Petitioner was aware of this evidence at trial, and it was available to him and trial counsel at that time. Therefore, it is not "newly discovered evidence." *See United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967) ("It is equally well settled that evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel."). *See also United States v. Jasin*, 280 F.3d 355, 362 (3d Cir. 2002) ("[E]vidence known but unavailable at trial does not constitute 'newly discovered evidence' within the meaning of Rule 33."). This new claim also does not relate back to the original pleading under Rule 15(c). Petitioner's original claims were all ineffective assistance of counsel claims: (1) trial counsel was ineffective during plea negotiations; (2) trial counsel was ineffective for failing to investigate Bragg's criminal history; and (3) trial counsel was ineffective for failing to move properly for a judgment of acquittal. The facts supporting these ineffective assistance of counsel claims are not the same facts supporting the perjury claim against Agent Allen. Therefore, Petitioner's new claim of prosecutorial misconduct for the use of Agent Allen's alleged perjured testimony is time-barred.[4] The motion to amend is denied as to that claim.

---

[4] Furthermore, it is clear from the trial transcript that Agent Allen was reading from the exhibit with the assistance of an electronic device. *See, e.g.,* Trial Transcript pg. 1000, l. 9 ("And the text is very small so let's zoom in."); ll. 17-18("Let's scroll down a little bit, to record number 2831301. Zoom in real close on that one."). The fact that Petitioner's photocopy is hard to read does not mean that the original document was illegible. Although the Court denies leave to add this claim because it is time-barred, it would be also be futile to permit this claim to proceed.

6

Petitioner also asserts the United States knowingly used perjured testimony when Bragg testified that he was not in jail for using proxies and that he had not been working with the government before being sentenced in Michigan. Petitioner's newly discovered evidence consists of a set of interrogatories Bragg completed as part of a civil suit Petitioner filed against him. These are not newly discovered evidence because the facts underlying the claim, Bragg's trial testimony, were known to Petitioner at the time of trial. However, this claim relates back to the original pleading as it is based on the same set of facts as one of Petitioner's ineffective assistance of counsel claims. Fed. R. Civ. P. 15(c). In the interests of justice and because it does not plainly appear that Petitioner is not entitled to relief on this claim, *see* 28 U.S.C. § 2255 Rule 4(b), Petitioner may amend his motion to include this claim.

**B. *Brady/Giglio***

Petitioner also seeks to add a claim based on the alleged failure of the United States to disclose Bragg's sentencing and plea transcripts. *Brady* and *Giglio* require the government to disclose "evidence that is both exculpatory and material. Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness. Evidence impeaching the testimony of a government witness is exculpatory when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence." *United States v. Starusko*, 729 F.2d 256, 260 (3d Cir. 1984) (internal citations omitted). In the interests of justice and because it does not plainly appear that Petitioner is not entitled to relief, the Court will permit Petitioner to amend his motion to include his *Brady/Giglio* claim.

## V. CONCLUSION

Petition may amend his § 2255 motion to include a Fourteenth Amendment use of perjured testimony claim based on Bragg's testimony and a *Brady/Giglio* claim. He shall file a second amended motion that conforms to this Opinion on the § 2255 form provided by the Clerk within 30 days of this Opinion and Order.[5] Respondent shall answer the second amended motion within 60 days after the second amended motion is filed.

An appropriate order follows.

12/29/17
Date

ANNE E. THOMPSON
U.S. District Judge

---

[5] The second amended motion should be complete in that it restates all of the previously asserted grounds for relief as well as including the two new grounds for relief. *See* 28 U.S.C. § 2255 Rule 2(c).