IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RAD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 15-7740 (AET)<br><br>**OPINION** |

APPEARANCES:

CHRISTOPHER RAD, Petitioner pro se
175 Pike Co. Blvd.
Lords Valley, PA 18428

ALEXANDER EDWARD RAMEY, Esq.
UNITED STATES ATTORNEY'S OFFICE
402 East State Street
Room 430
Trenton, New Jersey 08608
    Attorney for Respondent United States of America

**THOMPSON, District Judge:**

I.   **INTRODUCTION**

This matter comes before the Court upon Christopher Rad's ("Petitioner") *pro se* motion for reconsideration pursuant to Federal Rule of Procedure 59(e) and Local Civil Rule 7.1(g) of this Court's September 7, 2018 Order and Opinion. (ECF Nos. 53-54). The Court has reviewed the unopposed submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

## II. BACKGROUND

On January 18, 2018, Petitioner filed an amended motion to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (*United States v. Rad*, 3:15-cv-7740, ("hereinafter "15-7740") ECF No. 37). The underlying facts of Petitioner's conviction are explained at length in the Court's September 7, 2018, opinion denying the majority of Petitioner's claims. (ECF No. 53).

Petitioner raised six grounds for this Court's consideration: (1) trial counsel was ineffective for "failing to impeach the knowing use of false, perjured and conflicting testimony"; (2) prosecutor's failure to disclose potential impeachment evidence against its witness constituted misconduct; (3) (a) trial counsel was ineffective for failing to advance a meritorious defense and (b) for failing to advise Petitioner of his potential sentence exposure if convicted at trial; (4) trial counsel was ineffective for failing to investigate government witness, James Bragg's criminal history; (5) trial counsel was ineffective for failing to "properly move for judgement of acquittal" on Counts Five through Nine; and (6) trial counsel was ineffective for failing to "properly move for judgment of acquittal" on Count One.

This Court denied all of Petitioner's claims but for Claim 3 that raised ineffective assistance due to trial counsel's failure to advance a sound defense strategy and failure to advise

Petitioner of his potential sentence exposure. An evidentiary hearing was granted to address that particular ineffective assistance of counsel claim.

## III. DISCUSSION

### LEGAL STANDARD

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allow a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012)(citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

In the instant motion, Petitioner asserts that this Court either misinterpreted and or ignored his claims. (ECF No. 56). Notwithstanding Petitioner's arguments that his claims were misunderstood and or ignored, Petitioner appears to disagree with the Court's prior decision and seeks to relitigate the claims. This Court thoroughly addressed Petitioner's claims in its previous opinion adjudicating the section 2255 motion. Moreover, Petitioner has not demonstrated any clear errors of fact or law.

**V. CONCLUSION**

For the foregoing reasons, Petitioner's motion for reconsideration will be denied. An appropriate order will be entered.

12/13/19
Date

ANNE E. THOMPSON
U.S. District Judge